**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1333**

———————

SHAN JIN LIM, a/k/a Xiang Jin Lin,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A72-483-729)

———————

Submitted:  November 21, 2007        Decided:  December 6, 2007

———————

Before MICHAEL and MOTZ, Circuit Judges, and WILKINS, Senior
Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Wenyue Lu, LAW OFFICE OF MICHAEL W. LU, LLC, Rockville, Maryland,
for Petitioner. Peter D. Keisler, Assistant Attorney General, Blair
T. O'Connor, Senior Litigation Counsel, Jennifer L. Lightbody,
Senior Litigation Counsel, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shan Jin Lim, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals denying his motion to reconsider its previous order, which affirmed the immigration judge's denial of his motion to reconsider and denied his motion to remand.[*]

We have reviewed the record and the Board's order and find that the Board did not abuse its discretion in denying Lim's motion. See 8 C.F.R. § 1003.2(a) (2007); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). Although Lim ultimately seeks to have his case remanded to the immigration judge for adjudication of his application for adjustment of status, we agree with the Board's finding that adjustment of status is not an available form of relief in exclusion proceedings. The applicable regulation clearly provides that (subject to an exception not applicable here) "[i]n the case of an arriving alien who is placed in removal proceedings, the immigration judge does not have jurisdiction to adjudicate any application for adjustment of status filed by the arriving alien."

---

[*]We find that only the Board's denial of Lim's motion to reconsider is properly before this court as he failed to timely petition this court for review of the Board's previous order of November 16, 2006. See 8 U.S.C.A. § 1252(b)(1) (West 2005) (setting forth thirty-day appeal period); Stone v. INS, 514 U.S. 386, 405 (1995) (holding that appeal period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms"). Additionally, we cannot review Lim's challenges to the immigration judge's decision of October 16, 2003, because Lim failed to exhaust his administrative remedies by appealing the immigration judge's decision to the Board. See 8 U.S.C.A. § 1252(d)(1) (West 2005).

8 C.F.R. § 1245.2(a)(1)(ii) (2007); see also 8 C.F.R. § 245.2(a)(1) (2007) (stating that the "USCIS has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under [the exception set forth in] 8 C.F.R. § 1245.2(a)(1)").

Although Lim argues that his due process rights were violated because the Board deprived him of a fair hearing on his application, we find that he cannot state a colorable constitutional violation because he cannot establish that he has a property or liberty interest at stake. See Dekoladenu v. Gonzales, 459 F.3d 500, 508 (4th Cir. 2006) (holding that because petitioner has neither a liberty nor a property interest in adjustment of status, he cannot make out a due process violation), petition for cert. filed, 75 U.S.L.W. 3530 (Mar. 22, 2007) (No. 06-1285).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED